State of NEW YORK, New York State Racing and Wagering Board, and New York State Department of Environmental Conservation, Plaintiffs,

v.

THE SHINNECOCK INDIAN NATION, Charles K. Smith, II, James W. Eleazar, Jr., Lance A. Gumbs and Fred Bess, Defendants.

No. 03–CV–3243(TCP) (ARL).

United States District Court, E.D. New York.

July 29, 2003.

George Hammarth, Assist. Atty. Gen., Hauppauge, NY, for plaintiff.

Christopher H. Lunding, Cleary, Gottlieb, Steen & Hamilton, New York City, for defendants.

## MEMORANDUM AND ORDER

PLATT, District Judge.

The plaintiffs commenced this action with a Complaint filed on June 30, 2003, in the Supreme Court Suffolk County seeking temporary and preliminary injunctive, as well as declaratory, relief.

On its face, the Complaint alleges five causes of action.

In the first cause of action, the plaintiffs allege, in conclusion:

> 77. Therefore, defendants [*sic*] planned actions to build a casino and conduct gaming cannot be authorized by IGRA [the Indian Gaming Regulatory Act, 25 U.S.C. § 2701 *et seq.*] and, therefore, are in violation the federal statute [*sic*].

In their Declaratory Judgment portion of the Complaint, the plaintiffs allege in part:

> \*      \*      \*      \*      \*      \*

> i.  the defendants are not a federally-recognized Tribe;

> j.  the defendants' property which is the subject of this action, the gaming site, does not constitute "Indian lands" as that term is used in 18 U.S.C. § 1151 and in, 25 U.S.C. 2701 et seq. ("IGRA");

> k.  the defendants lack sovereign immunity with respect to the operation of the state gambling laws at the gambling site;

> \*      \*      \*      \*      \*      \*

> n.  the defendants lack sovereign immunity to the operation of state and federal environmental laws at the gambling site;

> o.  the defendants cannot build a casino or any other structure for the purpose of gaming at the gambling site unless

they first comply with Town, state, and federal and environmental laws;

p. the defendants may not begin building any kind of structure on the gaming site without first giving the plaintiffs 120 days notice prior to the beginning of such construction unless and until they fully comply with all Town, state and federal laws and regulations governing the building of structures on the gaming site;

q. the defendants may not operate a bingo hall or other gambling establishment without first giving the plaintiffs 120 days notice prior to the opening of the establishment unless and until they fully comply with the provisions of the Bingo Licensing Law, the Bingo Control Law, the Games of Chance Licensing Law or the provisions of the federal Indian Gaming Regulatory Act.

\*   \*   \*   \*   \*   \*

On July 1, 2003, the defendants removed this case to this Court by filing a Notice of Removal pursuant to 28 U.S.C. § 1441 and 1446 on the ground that the Complaint pled a federal question on its face. The defendants cited the above quoted portion of paragraph 77 in the first cause of action and other portions of the Complaint, *inter alia*, the above claims for relief and declaratory judgments.

■ It is clear that this first cause of action asserts a violation of a federal statute and this alone is sufficient for removal of the entire action under 28 U.S.C. § 1441(c) which provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all

issues therein, or, in its discretion, may remand all matters in which State law predominates.

Furthermore, Section 1441(b) provides in pertinent part that:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties.

Although not argued expressly by the defendants, it seems that since the plaintiffs' claim arises under the below quoted section of the United States Constitution, it is removable on this ground also.

Apparently overlooked or ignored by the plaintiffs is the mandate contained in Article I, Section 8, paragraph 3 of the United States Constitution:

Section 8. [1] The Congress shall have Power . . .

\*   \*   \*   \*   \*   \*

[3] To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes.

■ Furthermore, this provision, which underlies repeated decisions by the United States Supreme Court holding that claims relating to the possessory rights of Indian tribes in tribal lands are so inherently federal that they are subject to complete preemption, *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 n. 8, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Oneida Indian Nation v. Oneida County*, 414 U.S. 661, 675–678, 94 S.Ct. 772, 39 L.Ed.2d 73 (1974), governs removal here as well.

The defendants correctly conclude:

1) The Complaint explicitly pleads a federal question in its first cause of action;

2) The Complaint raises questions relating to the possessory rights of Indian

tribes in tribal lands that are federal in nature and subject to complete federal preemption.

3) All of the causes of action necessarily require the resolutions of questions of federal law.

4) The Complaint's demands for declaratory judgment require the resolution of questions of federal law.

The undersigned notes that the legal discussion contained herein has no bearing on the substantive law underlying the plaintiffs' motion for a preliminary injunction also currently before this Court.

Accordingly, the plaintiffs' motion to remand must be, and the same hereby is, denied.

SO ORDERED.